JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JENNA-JO BIONDINO

**DEFENDANTS** BUCKS COUNTY TECHNICAL SCHOOL AUTHORITY operating as BUCKS COUNTY TECHNICAL HIGH SCHOOL and KIMBERLY CARON

(b) County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan J. Russell, Esq.
Drake, Hileman & Davis, PC, PO Box 1306
Doylestown, PA 18901-1306; P: 215-348-2088

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | | ☐ 540 Mandamus & Other | | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
Injuries caused by state created danger and policy/practice/custom

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** >$75,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/25/2024 | s/Jonathan J. Russell |

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __3075 Chandler Drive, Morrisville PA 19067__

Address of Defendant: __610 Wistar Rd., Fairless Hills PA 19030 and 228 Grove St., Morrisville PA 19067__

Place of Accident, Incident or Transaction: __610 Wistar Road, Fairless Hills PA 19030__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✔]

I certify that, to my knowledge, the within case [ ] is / [✔] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/25/2024__   __s/Jonathan J. Russell__   __66337__
                         *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✔] All other Federal Question Cases
    *(Please specify):* __42 U.S.C. Section 1983__

**B. Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Jonathan J. Russell__, counsel of record *or* pro se plaintiff, do hereby certify:

[✔] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __03/25/2024__   __s/Jonathan J. Russell__   __66337__
                         *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JENNA-JO BIONDINO | : | CIVIL ACTION |
| v. | : | |
| BUCKS COUNTY TECHNICAL SCHOOL AUTHORITY operating as BUCKS COUNTY TECHNICAL HIGH SCHOOL and KIMBERLY CARON | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| 03/25/24 | s/Jonathan J. Russell | Jonathan J. Russell, Esq. |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215-348-2088 | 215-348-7069 | jrussell@dhdlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**DRAKE, HILEMAN & DAVIS, P.C.**
By: Jonathan J. Russell, Esquire
Attorney I.D. No. 66337
Suite 15-Bailiwick Office Campus
P.O. Box 1306
Doylestown, PA 18901
(215) 348-2088                                                                ATTORNEY FOR PLAINTIFF

---

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNA-JO BIONDINO<br>3075 Chandler Drive<br>Morrisville, PA 19067 | : <br> : <br> : Civil Action No.<br> : |
| v. | : <br> : |
| BUCKS COUNTY TECHNICAL<br>SCHOOL AUTHORITY<br>operating as BUCKS COUNTY<br>TECHNICAL HIGH SCHOOL<br>610 Wistar Road<br>Fairless Hills, PA 19030 | : <br> : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| KIMBERLY CARON<br>228 Grove Street<br>Morrisville, PA 19067-1235 | : <br> : <br> : DEMAND FOR JURY TRIAL |

## COMPLAINT

### PARTIES

1. Plaintiff, Jenna-Jo Biondino, is an adult individual who resides at 3075 Chandler Drive, Morrisville, Bucks County, Pennsylvania.

2. At all times material herein, Plaintiff, Jenna-Jo Biondino, was a student at Bucks County Technical High School, located at 610 Wistar Road, Fairless Hills, Bucks County, Pennsylvania.

3. At all times material herein, Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, is and was a public school within the Commonwealth of Pennsylvania.

4. Defendant, Kimberly Caron, is an adult individual who resides at 228 Grove Street, Morrisville, Bucks County, Pennsylvania.

5. At all times material herein, Defendant, Kimberly Caron, was a secondary teacher employed by Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School.

## JURISDICTION AND VENUE

6. Paragraphs one (1) through five (5) herein are incorporated by reference as though fully set forth at length.

7. Federal jurisdiction is invoked under 28 U.S.C. §1331 and §1343 (1988), involving a Federal question pursuant to 42 U.S.C. §1983, relating to the deprivation of Plaintiff's right to bodily integrity under the Due Process Clause of the Fourteenth Amendment.

8. Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

9. Paragraphs one (1) through eight (8) herein are incorporated by reference as though fully set forth at length.

10. On May 23, 2022, Plaintiff, Jenna-Jo Biondino, a then, seventeen-year-old student was enrolled in the Emergency Medical Services program at Bucks County Technical High School.

11. At all times relevant hereto the Defendants, Bucks County Technical School Authority operating as Bucks County Technical High School and Kimberly Caron, had a policy, practice tradition and/or custom of having the students enrolled in the Emergency Medical Services program engage in impact weapons training with batons and punch paddles.

12. At all times relevant hereto, the Pennsylvania State Police has classified "batons" as a "weapon" albeit a "less-lethal weapon."

13. At all times relevant hereto, Defendants provided students in general and Plaintiff in particular with batons and punch paddles to engage in "sparring" with one another.

14. At all times relevant hereto, Defendants instructed students in general and Plaintiff in particular to hold the baton with both hands while another student was instructed to strike the baton holding student with punch paddles.

15. At all times relevant hereto, Defendants provided no hand or finger protection for those students engaged in weapons training.

16. At all times relevant hereto, there was no rational reason to have students enrolled in the Emergency Medical Services program to be trained in the use of impact weapons.

17. At all time relevant hereto, the Defendants' policy makers knew of the policy, acquiesced to it, and disregarded the foreseen problems, of compelling minor students to "spar" with one another using impact weapons and punch paddles.

18. At all times relevant hereto, the policy, practice, tradition and/or custom of Defendants in having minor children "spar" with one another using impact weapons and punch paddles was known to create a foreseeable danger of which the Defendants were aware.

19. At all times relevant hereto, Defendants affirmatively implemented a dangerous weapons training exercise, which encouraged, facilitated or authorized students to engage in "sparring" with one another, using baton weapons and punch paddles.

20. On May 23, 2022, pursuant to this policy, practice and/or custom of Defendants, Plaintiff, Jenna-Jo Biondino, was instructed, compelled and directed to "spar" with a fellow student using impact weapons and punch paddles.

21. On May 23, 2022, while instructed, compelled and directed to "spar" with a fellow student using the baton weapon and punch paddles, Plaintiff, Jenna-Jo Biondino's left hand was struck, causing serious injuries thereto.

22. As a result of the actions of the Defendants, and/or the failure of the Defendants to perform the duties they were legally obligated to perform, Plaintiff, Jenna-Jo Biondino, has suffered severe and permanent injuries, including, but not limited to, a displaced fracture of her left small finger, requiring open-reduction and internal fixation, with accompanying nerve damage and permanent limitations.

23. As a result of the actions and/or inactions of the Defendants, Plaintiff, Jenna-Jo Biondino, has in the past and may in the future be required to obtain medical treatment for her injuries.

24. As a further result of the actions and/or inactions of the Defendants, Plaintiff, Jenna-Jo Biondino, has been unable to engage in her usual and customary activities.

## COUNT I

## JENNA-JO BIONDINO v. BUCKS COUNTY TECHNICAL SCHOOL AUTHORITY OPERATING AS BUCKS COUNTY TECHNICAL HIGH SCHOOL AND KIMBERLY CARON

### VIOLATIONS OF 42 U.S.C.A. § 1983
### STATE CREATED DANGER

25. Paragraphs one (1) through twenty-four (24) herein are incorporated by reference as though fully set forth at length.

26. At all times material hereto, the Plaintiff possessed a liberty interest in her bodily integrity which was, and is, protected by the Fourteenth Amendment to the Constitution of the United States.

27. The actions of the Defendants under the color of state law, as more fully described herein, deprived the Plaintiff of her liberty interest in her bodily integrity in violation of 42 U.S.C.A. §1983.

28. At all times material hereto, the Defendants, Bucks County Technical School Authority operating as Bucks County Technical High School and Kimberly Caron, knew or should have known, that the practice of allowing children in general and Plaintiff, Jenna-Jo Biondino, in particular, to "spar" with other children while using impact weapons and punch paddles could and would result in a severe injury to the Plaintiff, that was foreseeable and direct.

29. Defendants were aware and on notice of the risk of harm they created with their actions.

30. At all times material hereto, Defendants acted with willful disregard for Plaintiff's safety, by implementing, facilitating, encouraging and compelling conduct that was dangerous, in that it carried with it an unusual serious risk of harm.

31. At all times material hereto, Defendants had actual knowledge or at least willful blindness to the elevated risk of danger that they created by implementing, facilitating, encouraging and compelling sparring between students using impact weapons and punch paddles.

32. Defendants' conduct in implementing, facilitating, encouraging and compelling sparring between students using impact weapons and punch paddles demonstrated a deliberate indifference, conscious disregard and willingness to ignore a foreseeable risk of injury that shocks the conscience.

33. At all times material hereto, the sparring exercise as designed using an impact weapon and punch paddles served no legitimate and reasonable teaching purpose for students in the Emergency Medical Services program, but was instead conducted for the reckless amusement or playful wantonness of the teachers and some students without any rational relationship to scholastic edification.

34. At all times material hereto, Defendants failed to take steps to address the known and serious risk of injury that they created, facilitated and implemented.

35. As a student in the Emergency Medical Services program, Plaintiff belonged to an identifiable class of persons, which the Defendants made vulnerable to a foreseeable injury

36. At all times material hereto, the Defendants, Bucks County Technical School Authority operating as Bucks County Technical High School and Kimberly Caron, used the color of their authority to implement, facilitate, encourage and compel minor children to "spar" with each other using impact weapons and punch paddles.

37. This authority to implement, facilitate, encourage and compel minor children to "spar" with each other using impact weapons and punch paddles created an opportunity that otherwise would not have existed for this injury to occur.

38. Defendants, through their affirmative actions of implementing, facilitating, encouraging and compelling minor children to "spar" with each other using impact weapons and punch paddles, placed the Plaintiff in danger of injury.

39. As a result of the actions of the Defendants, Plaintiff, Jenna-Jo Biondino, has suffered severe and permanent injuries, including, but not limited to, a displaced fracture of her left small finger, requiring open-reduction and internal fixation, with accompanying nerve damage and permanent limitations.

40. Solely because of the conduct of Defendants as aforesaid, Plaintiff, Jenna-Jo Biondino, has been in the past and may in the future be obligated to spend sums of money for medical attention in an endeavor to treat said injuries, together with other financial damages and losses.

41. As a further result of the actions and/or inactions of the Defendants, Plaintiff, Jenna-Jo Biondino, has been unable to engage in her usual and customary activities.

**WHEREFORE**, it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendants, Bucks County Technical School Authority operating as Bucks County Technical High School and Kimberly Caron, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with attorneys fees and costs, as well all other relief the court deems just and appropriate.

## COUNT II

## JENNA-JO BIONDINO v. BUCKS COUNTY TECHNICAL SCHOOL AUTHORITY OPERATING AS BUCKS COUNTY TECHNICAL HIGH SCHOOL

VIOLATIONS OF 42 U.S.C.A. § 1983
POLICY PRACTICE OR CUSTOM

42. Paragraphs one (1) through forty-one (41) herein are incorporated by reference as though fully set forth at length.

43. At all times material hereto, the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, through its Board of Directors and administration approved curriculum demonstrating a deliberate indifference to Plaintiff's overall health, safety and welfare by allowing students to utilize impact weapons as well as punch paddles in the classroom setting.

44. At all times material hereto, the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, through its Board of Directors and administration approved of and authorized the purchase of impact weapons, as well as punch paddles, for use in the classroom setting.

45. At all times material hereto, the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, through its Board of Directors and administration failed to provide adequate instruction and training to its teachers in the use of impact weapons, as well as punch paddles, for use in the classroom setting.

46. Defendant's conduct in approving a dangerous curriculum; purchasing dangerous weapons; and failing to provide adequate teacher instruction associated with both,

demonstrates a policy, practice, tradition and/or custom of deliberate indifference to Plaintiff's overall health, safety and welfare.

47. Defendant's official policy, practice and custom inflicted harm to the Plaintiff.

48. As a result of the actions of the Defendant, Plaintiff, Jenna-Jo Biondino, has suffered severe and permanent injuries, including, but not limited to, a displaced fracture of her left small finger, requiring open-reduction and internal fixation, with accompanying nerve damage and permanent limitations.

49. Solely because of the conduct of Defendant as aforesaid, Plaintiff, Jenna-Jo Biondino, has been in the past and may in the future be obligated to spend sums of money for medical attention in an endeavor to treat said injuries, together with other financial damages and losses.

50. As a further result of the actions and/or inactions of the Defendant, Plaintiff, Jenna-Jo Biondino, has been unable to engage in her usual and customary activities.

**WHEREFORE**, it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with attorneys fees and costs, as well all other relief the court deems just and appropriate.

Respectfully Submitted,

**DRAKE, HILEMAN & DAVIS, P.C.**

By: s/Jonathan J. Russell
Jonathan J. Russell, Esquire
Suite 15, Bailiwick Office Campus
P.O. Box 1306
Doylestown, PA 18901
Attorney for Plaintiff